FILED
JAN 29 2008
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

BERNAL MORGAN,

    Petitioner,

v.

BEN CURRY, Warden,

    Respondent.

Case No. CV 08-0222-DOC (MLG)

MEMORANDUM AND ORDER DISMISSING A SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

## I. Background.

Petitioner is a state prisoner currently incarcerated at the California State Prison in Soledad, California. He filed this *pro se* petition for writ of habeas corpus on January 14, 2008. The petition claims that in April 1995, Petitioner was convicted, following a jury trial, of possession of cocaine base for sale and possession of controlled substances while in possession of a firearm. He was sentenced to a term of 25 years to life under California's Three Strikes sentencing law on July 3, 1995. However it is not this 1995 conviction which is being challenged in this petition.[1]

---

[1] The court notes that Petitioner filed a habeas corpus petition challenging the 1995 convictions in 2005. That petition was dismissed as untimely filed on April 12, 2005. *Morgan v. Kane*, Case No. 05-0283-DOC (MLG).

At lease one of the strike offenses which formed the basis of the 1995 sentence arose in 1991. In 1991, petitioner pled guilty to three counts of attempted second degree murder in exchange for a sentence of 5 years in state prison. It is these 1991 convictions that Petitioner challenges in this petition. However, the Court notes, and Petitioner acknowledges, that Petitioner previously brought a federal habeas petition in 2001 challenging the constitutionality of the very same 1991 convictions and sentence challenged here. That petition was dismissed as untimely filed on October 31, 2001. *Morgan v. Terhune*, Case No. CV 01-3986-DOC (MLG).

For the reasons set forth below, this petition is ordered dismissed without prejudice to Petitioner's right to apply to the Ninth Circuit Court of Appeals for leave to file a second or successive petition.

**II. Discussion.**

The present petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA"), enacted on April 24, 1996. Among other things, AEDPA amended 28 U.S.C. § 2244 to require that "[b]efore a second or successive application [for writ of habeas corpus] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) explicitly provides that a *second and/or successive* petition, like the one in this case, requires Ninth Circuit approval before it can be considered by the district court. *Burton v. Stewart*, __U.S.__, 127 S.Ct. 793, 796

(2007).

This petition was filed without leave of the Ninth Circuit. Until the Ninth Circuit authorizes the filing of this petition, this Court lacks jurisdiction to consider the merits. *See Burton*, 127 S.Ct. at 799; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001); *Nunez v. U.S.*, 96 F.3d 990, 991 (7th Cir. 1996)(district court lacks subject matter jurisdiction to consider second or successive petition). Thus, dismissal of the petition without prejudice is required.

**III. Order.**

In accordance with the foregoing, IT IS HEREBY ORDERED that the petition is DISMISSED without prejudice to petitioner's applying to the United States Court of Appeals for the Ninth Circuit for leave to file a second or successive petition.

IT IS FURTHER ORDERED that the clerk shall serve a copy of this order on all counsel or parties of record.

Dated: _January 28_, 2008

_David O. Carter_
David O. Carter
United States District Judge

Presented by:

_Marc L. Goldman_
United States Magistrate Judge